C one o- k, J.
In this case the motion must be granted. On the third ground, the verdict is directly contrary to the established doctrine of law. It has been repeatedly decided that the delivery of property on the marriage of a child, raises the presumption of a gift, and will be considered as such, unless there be something to counteract the presumption, and this without regard to time. (1 Bay 232. 2 Nott and M’Cord 93.)
This is a stronger case in favor of the defendant than the case of Winn and Irby, (a) decided on Monday-last; for here the possession was at least seven years antecedent to the deed of trust under which the plaintiff claims. Now such a possession even in a stranger, would have given *211 him title, if not accounted for. The father-in-law, John Bell, had no property in these negroes when he made the deed, consequently could convey none. But even if the period of possession had been shorter, to have suffered such a deed to prevail, would be-a fraud on the community. The defendant may have been, and I have no doubt from the facts of the case, was, credited on the faith of the property; and it. Is no answer to this to say that the particular creditor, Woodward, who forced a sale of this property, did not credit the defendant on the faith of it; for others might have done so; and the debt to M'Crory, and that to M‘Cready, were contracted in 1807, after, as we are authorized to suppose from the testimony, the negro woman, the mother, came into the possession of the defendants; and their executions were actually paid out of the proceeds of. the sale. It was said however, that, as Turner was supposed to be able in 1813 to pay his debts, the deed ought to be considered as his deed, and if it had been made by him it would have been effectual. Now there is no evidence to shew that the deed was made with the knowledge or consent of Turner. But if it had been actually made by him, I cannot think that it would have availed; though it is not necessary to determine that question.
The motion is granted.
Clarice for the motion.
Clendenin and DeSaussure contra-.

 This case I have not thought worth publishing, as the decision turned on circumstances of fraud, and very contradictory and irrelevant testimony. E» '